USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JUSTIN MARCEL JIMENEZ,  :
 :
                         Plaintiff, :
 :      16-CV-7483 (VEC) (JLC)
          -against- :
 :      ORDER ADOPTING
JUNIS REAL ESTATE, et al., :      REPORT &
 :      RECOMMENDATION
                        Defendants. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Justin Marcel Jimenez, proceeding *pro se*, brought this action for discrimination under the "Civil Rights Act of 1960" and for violation of the "Sherman Antitrust Act of 1890" in the Bronx County Supreme Court against Defendants JPMorgan Chase Bank, N.A. (sued as "Junius Real Estate"), John Fraser, and Rich Gomel (together "Defendants") on August 8, 2016. Notice of Removal (Dkt. 1) at 1 (citing Compl. ¶¶ 3-6). On September 26, 2016, Defendants removed the action to federal court. Notice of Removal at 1. The Court referred the action to Magistrate Judge Cott for general pretrial supervision and for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b) for all substantive motions. Order Referring Case to Magistrate Judge (Dkt. 7). On November 4, 2016, Jimenez requested a freeze of Defendants' assets. Pl.'s Mot. (Dkt. 19).

      After briefing by all parties (Dkts. 23, 31, 33), Magistrate Judge Cott issued a report and recommendation, construing Plaintiff's motion as a motion for preliminary injunction and recommending that it be denied. Report and Recommendation (Dkt. 35) ("R&R") at 2. Jimenez objected to the R&R. Obj. to R&R (Dkt. 36) ("Obj.").

1

# DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of review employed by the district court depends on whether timely and specific objections to the report have been made. *Williams v. Phillips*, No. 03-CV-3319 (KMW), 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Where, however, specific objections to the magistrate's report have been made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To the extent that a party's objections "are conclusory or general, or simply reiterate original arguments, the district court reviews the [report] for clear error." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

In general, the objections of *pro se* parties are construed liberally and are read to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, No. 06-CV-13320 (DAB),

2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, 09-CV-1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 10, 2010)).

The clear-error standard of review applies here. Jimenez's objection merely reiterates, in general terms, the arguments set forth in his original motion. The Court concludes that the R&R is free of clear error. "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, *and* (2) a likelihood of irreparable harm if the requested relief is denied." *Madison Square Garden, L.P. v. Nat'l Hockey League*, 270 F. App'x 56, 58 (2d Cir. 2008) (quoting *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007)). Magistrate Judge Cott considered these factors and concluded that "Jimenez's request that the Court freeze Defendants' assets consists of nothing more than conclusory statements relating to his allegation that 'the Defendants are running their business illegally,'" R&R at 2, and that, "Jimenez cite[d] to no legal authority that would authorize the Court to issue his requested injunction," R&R at 2-3. To the extent Jimenez takes issue with the R&R – a fact not at all clear given that Jimenez states that he "did not intend to seek injunctive relief necessarily," Obj. ¶ 2 – he does so by reference to his underlying pleadings and irrelevant facts regarding his personal circumstances. *See* Obj. ¶¶ 3-4. The objection does not cite any legal authority that might support his request for injunctive relief. While the Court is not unsympathetic to Jimenez's personal circumstance, for all the reasons ably articulated by Magistrate Judge Cott, the Court concurs that Jimenez has not demonstrated that he is entitled to injunctive relief because he has not demonstrated either a likelihood of success on the merits or a risk of irreparable harm. R&R at 2-3.

## CONCLUSION

For the reasons set forth above, the R&R is ADOPTED IN FULL.  Accordingly, Plaintiff's motion for injunctive relief is DENIED.  The Clerk of the Court is respectfully directed to close the open motion at docket entry 19.

**SO ORDERED.**

**Date: April 21, 2017**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**